MORRIS D. LEVINE, Respondent, *v.* HARRY HORBAR and Another, Copartners, Doing Business under the Firm Name and Style of HORBAR & SOLOW, Appellants.

Supreme Court, Appellate Term, First Department, February 16, 1928.

**Master and servant — action for breach — plaintiff failed to establish right to commissions or drawing account — verdict for plaintiff contrary to evidence.**

The plaintiff seeks to recover for services based on a contract calling for a drawing account and for commissions. During the time plaintiff seeks to recover, the evidence as to his work and the alleged orders brought in by him is so vague and uncertain as not to establish his right to recover and the verdict of the jury in his favor is contrary to the evidence.

APPEAL by defendants from judgment of the Municipal Court, Borough of The Bronx, Second District, in favor of plaintiff, and from order denying defendants' motion to transfer this action for trial from this district to the proper district.

*Gans, David & O'Neill* [*Joseph Gans* of counsel], for the appellants.

*David J. Rosen,* for the respondent.

PER CURIAM. Plaintiff sued for breach of a contract of employment under which he was to receive commissions for goods sold with a drawing account of twenty-five dollars weekly. He claims to have received his drawing account for four weeks on September 12, 1925, and that thereafter he kept on bringing in orders until some time in April or May, 1926, which defendants refused to accept for alleged reasons which need not be discussed. Defendants, on the other hand, testified that after September twelfth plaintiff was taken ill and that they neither saw nor heard from him thereafter. Plaintiff's testimony as to his activities after

September is so vague as to be barely more than a scintilla.   He was not able to name the customers, the amount of the orders nor their terms, and in view of the fact that certain prices were one of the essentials of the validity of the orders as against defendants, plaintiff's failure to prove these is wellnigh a failure of any proof. Were it not that plaintiff's contract entitled him to a drawing account we should say that there was a complete failure of proof. As it is we cannot but hold that the verdict was wholly against the weight of evidence.   This may be explained by the fact that the trial was unduly prolonged and, owing to the introduction of many more or less irrelevant issues, considerably confused, so that it is quite possible the jury failed to understand the real issues involved.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellants to abide the event.   Appeal from order dismissed.

All concur; present, BIJUR, DELEHANTY and CRAIN, JJ.